ASSOCIATED BUILDERS AND CONTRACTORS, INC. SIERRA NEVADA CHAPTER; Electrical Joint Apprenticeship Committee; Sierra Nevada Chapter ABC Apprenticeship Trust Fund, Plaintiffs,

v.

Frank MacDONALD, in his Official Capacity as the Labor Commissioner of the State of Nevada, Defendant.

No. CV–N–89–409 BRT.

United States District Court,
D. Nevada.

Dec. 22, 1989.

As Amended Feb. 28, 1990.

Thierman, Cook, Brown & Prager, Mark R. Thierman, Wendy A. Cheit and David E.

Sirias, San Francisco, Cal., and Anderson and Pearl, Reno, Nev., for plaintiffs.

Brian McKay, Atty. Gen., Robert A. Kirkman, Carson City, Nev., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT

BRUCE R. THOMPSON, District Judge.

This is an action to enjoin enforcement against the plaintiffs of a Nevada statute, NRS 338.080, the effect of which is to require the compliance by contractors performing public works with the state prevailing wage law (NRS 338.010–338.090) with respect to apprentices unless the apprenticeship training program is approved by the Nevada State Apprenticeship Council.

Plaintiff Sierra Nevada Chapter of the Associated Builders and Contractors, Inc. (ABC Sierra Nevada) is a non-profit trade association, incorporated in Nevada, which represents contractors who bid on and perform private and public works projects in Nevada. ABC Sierra Nevada is not signatory to any labor or collective bargaining agreement and does not represent its members in collective bargaining. Plaintiff Electrical Joint Apprenticeship Committee (JAC) is an employee benefit trust fund existing and regulated pursuant to the provisions of the Employee Retirement Income Security Act, 29 U.S.C. 1001, et seq., hereinafter referred to as ERISA.

The JAC program is sponsored by plaintiff ABC Sierra Nevada, and it is not the product of a collective bargaining agreement with any labor organization.

Plaintiff Sierra Nevada Chapter ABC Apprenticeship Trust Fund (trust fund) is also an employee benefit trust existing and regulated pursuant to the provisions of ERISA, 29 U.S.C. § 1001, et seq. Created December 5, 1984 for the purpose of funding bona fide apprenticeship training programs to assist in the training and development of individuals who desire to acquire skills as employees within the construction industry, the trust fund acts as the funding mechanism for plaintiff JAC.

Defendant Frank MacDonald is the Labor Commissioner for the State of Nevada. The Nevada Labor Commissioner is empowered to enforce the provisions of the Nevada prevailing wage statutes, NRS §§ 338.010, et seq., relating to the payment of wages on public works projects pursuant to NRS § 338.015. The Labor Commissioner is also ex officio the secretary of the Nevada State Apprenticeship Council (SAC), pursuant to NRS § 610.060, and is authorized to appoint members of the Nevada State Apprenticeship Council pursuant to NRS § 610.030.

In 1984, ABC Sierra Nevada developed apprenticeship training standards for electrical apprentices in cooperation with the Bureau of Apprenticeship and Training (BAT) of the United States Department of Labor. The electrical apprenticeship program has operated with BAT approval, supplying apprentices to members/contractors of ABC Sierra Nevada doing electrical work, since that time.

On November 8, 1984, ABC Sierra Nevada presented its proposed non-union electrician apprenticeship standards to the Nevada State Apprenticeship Council (SAC). The SAC rejected the proposed apprenticeship standards on November 29, 1984, and refused to approve plaintiff's application for an apprenticeship program, despite the fact that the program already had been approved by BAT. The ABC JAC is a non-union apprenticeship program. No non-union construction trade apprenticeship program has ever been approved by the Nevada State Apprenticeship Council, although many have applied.

The federal statute relating to apprenticeship programs is refreshingly short. 29 U.S.C. § 50 provides:

The Secretary of Labor is authorized and directed to formulate and promote the furtherance of labor standards necessary to safeguard the welfare of apprentices, to extend the application of such standards by encouraging the inclusion thereof in contracts of apprenticeship, to bring together employers and labor for the formulation of programs of apprenticeship, to cooperate with State agencies

engaged in the formulation and promotion of standards of apprenticeship, and to cooperate with the Office of Education under the Department of Health, Education, and Welfare in accordance with section 17 of Title 20. For the purposes of this chapter the term 'State' shall include the District of Columbia.

The regulations flowing from this statutory authority reflect the need for recognition and cooperation with state apprenticeship programs as well as the promotion of federal activity in the area. The existence of dual control is recognized in the following selected passages from the regulations:

29 C.F.R. § 29.1(b).

The purpose of this part is to set forth labor standards to safeguard the welfare of apprentices, and to extend the application of such standards by prescribing policies and procedures concerning the registration, for certain Federal purposes, or [of] acceptable apprenticeship programs with the U.S. Department of Labor, Employment and Training Administration, Bureau of Apprenticeship and Training. These labor standards, policies and procedures cover the registration, cancellation and deregistration or apprenticeship programs and of apprenticeship agreements; the recognition of a State agency as the appropriate agency for registering local apprenticeship programs for certain Federal purposes; and matters relating thereto.

29 C.F.R. § 29.2(1).

'Registration of an apprenticeship program' shall mean the acceptance and recording of such program by the Bureau of Apprenticeship and Training, or registration and/or approval by a recognized State Apprenticeship Agency, as meeting the basic standards and requirements of the Department for approval of such program for Federal purposes. Approval is evidenced by a Certificate of Registration or other written indicia.

29 C.F.R. § 29.3(a).

Eligibility for various Federal purposes is conditioned upon a program's conformity with apprenticeship program standards published by the Secretary of La-

bor in this part. For a program to be determined by the Secretary of Labor as being in conformity with these published standards the program must be registered with the Bureau or registered with and/or approved by a State Apprenticeship Agency or Council recognized by the Bureau. Such determination by the Secretary is made only by such registration.

29 C.F.R. § 29.3(f).

Operating apprenticeship programs when approved by the Bureau shall be accorded registration evidenced by a Certificate of Registration, Programs approved by recognized State Apprenticeship Agencies shall be accorded registration and/or approval evidenced by a similar certificate or other written indicia. When approved by the Bureau, national apprenticeship standards for policy or guideline use shall be accorded certification, evidenced by a certificate attesting to the Bureau's approval.

29 C.F.R. § 29.12(a).

The Secretary's recognition of a State Apprenticeship Agency or Council (SAC) gives the SAC the authority to determine whether an apprenticeship program conforms with the Secretary's published standards and the program is, therefore, eligible for those Federal purposes which require such a determination by the Secretary . . . .

29 C.F.R. § 29.30(1).

This part sets forth policies and procedures to promote equality of opportunity in apprenticeship programs registered with the U.S. Department of Labor and in state apprenticeship programs registered with recognized state apprenticeship agencies. These policies and procedures apply to the recruitment and selection of apprentices, and to all conditions of employment and training during apprenticeship. The procedures established provide for review of apprenticeship programs, for registering apprenticeship programs, for processing complaints, and for deregistering noncomplying apprenticeship programs. This part also provides policies and procedures for continuation or withdrawal of recognition

of state agencies for registering of apprenticeship programs for Federal purposes. The purpose of this part is to promote equality of opportunity in apprenticeship by prohibiting discrimination based on race, color, religion, national origin, or sex in apprenticeship programs, by requiring affirmative action to provide equal opportunity in such apprenticeship programs, and by coordinating this part with other equal opportunity programs.

It seems obvious to this court that the foregoing law and regulations provide for a dual system of apprenticeship programs, programs authorized by BAT and programs authorized by SAC. The state law governing wages on public works in Nevada, however, allows apprenticeship wages only for apprenticeship programs authorized by SAC. Inasmuch as the general field of apprenticeship training has been preempted by the Fitzgerald Act (29 U.S.C. § 50 *et seq.*) and the delegation of authority to state apprenticeship councils is controlled by federal law, state laws affecting wages paid to apprentices must apply equally to BAT approved and SAC approved apprenticeship programs. A state law which grants a significant benefit only to SAC approved programs is discriminatory and unconstitutional.

The argument for preemption in these circumstances seems to us to be substantially supported by *Wisconsin Dept. of Industry v. Gould, Inc.*, 475 U.S. 282, 106 S.Ct. 1057, 89 L.Ed.2d 223 (1986). There a state statute which prohibited the state from purchasing any product from a seller known to have violated the NLRB in three or more adjudicated cases was held unconstitutional and preempted by the National Labor Relations Act. After thorough discussion the court concluded:

> We are not faced here with a statute that can even plausibly be defended as a legitimate response to state procurement constraints or to local economic needs, or with a law that pursues a task Congress intended to leave to the States. The manifest purpose and inevitable effect of the debarment rule is to enforce the requirements of the NLRA. That goal

may be laudable, but it assumes for the State of Wisconsin a role Congress reserved exclusively for the Board.

So here. No legitimate state interest has been suggested for treating federally approved apprenticeship programs differently from state approved programs. The wage scale of apprentices employed on public contracts is of seminal importance to both contracting parties and to the employees. NRS 338.080(2) exempting from the requirements of the prevailing wage law only: "Apprentices recorded under the provisions of Chapter 610 of NRS" cannot be sustained.

Plaintiffs' principle contention is that any state regulation of a federally approved apprenticeship program is preempted by ERISA because plaintiff JAC is an employee benefit trust fund and plaintiff ABC Sierra Nevada apprenticeship trust fund is an employee benefit trust fund established pursuant to 29 U.S.C. § 1002(1). Prime support for this argument is found in *Hydrostorage, Inc. v. Northern California Boilermakers*, 685 F.Supp. 718 (N.D.Cal. 1988), affirmed 891 F.2d 719 (9th Cir.1989). ERISA's preemption clause preempts "any and all state laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a).

The apprenticeship standards for electrical construction adopted by the Sierra Nevada Chapter of Associated Contractors and Builders, Inc. in cooperation with BAT, provides in section XX on page 10, a specific schedule of apprentice wages. These standards were approved by BAT. The Nevada statute at issue, NRS 338.080, is directly inconsistent with these standards and thus is preempted under the authority of the *Hydrostorage* case.

At the hearing held October 20, 1989, the parties stipulated that the hearing on the motion for a preliminary injunction be telescoped with the final trial. Accordingly, this is a final decision and judgment.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that

(1) defendant Frank MacDonald, in his official capacity as Labor Commissioner of

the State of Nevada, and his successors, assigns, agents, employees and all officers of the Labor Commissioner of the State of Nevada, are hereby enjoined and restrained from enforcing the provisions of the Labor and Industrial Relations Code § 338.080 of the Nevada Revised Statutes (NRS) against plaintiffs Associated Builders and Contractors, Inc., Sierra Nevada Chapter; Electrical Joint Apprenticeship Committee; Sierra Nevada Chapter ABC Apprenticeship Trust Fund, and all employers who are utilizing the apprentice program of the Electrical Joint Apprenticeship Committee, with regard to wages paid to any employee enrolled or indentured as an apprentice in the program; and

(2) the provisions of NRS 338.080 are unconstitutional on their face and as applied to plaintiffs herein, and all other similarly situated apprenticeship programs approved by the United States Department of Labor, Bureau of Apprenticeship and Training, and not approved by the State of Nevada pursuant to NRS 610.010, *et seq.*