949 F.2d 270
 30 Wage & Hour Cas. (BNA) 1032, 60 USLW 2387,
120 Lab.Cas. P 56,763,
14 Employee Benefits Cas. 2075
 ELECTRICAL JOINT APPRENTICESHIP COMMITTEE; Sierra Nevada
Chapter ABC Apprenticeship Trust Fund; Associated
Builders and Contractors, Inc., Sierra
Nevada Chapter, Plaintiffs-Appellees,
v.
Frank MacDONALD, in his official capacity as the Labor
Commissioner of the State of Nevada, Defendant-Appellant.
ASSOCIATED BUILDERS AND CONTRACTORS, INC., Sierra Nevada
Chapter; Electrical Joint Apprenticeship
Committee; Sierra Nevada Chapter ABC
Apprenticeship Trust Fund,
Plaintiffs-Appellees,
v.
Frank MacDONALD, Labor Commissioner of the State of Nevada,
Defendant-Appellant.
 Nos. 90-15095, 90-15395.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted April 8, 1991.
Decided Nov. 8, 1991.
 
 Robert A. Kirkman, Deputy Atty. Gen., Carson City, Nev., for defendant-appellant.
 Mark R. Thierman, Thierman, Cook, Brown & Prager, San Francisco, Cal., for plaintiffs-appellees.
 Marsha S. Berzon, Altshuler, Berzon, Nussbaum, Berzon & Rubin, San Francisco, Cal., for amici.
 Appeal from the United States District Court for the District of Nevada.
 Before HUG, and POOLE, Circuit Judges, and ATKINS,* District Judge.
 HUG, Circuit Judge:
 
 
 1
 In this action, the plaintiffs sought an injunction to prevent the Nevada Labor Commissioner from enforcing a provision of the Nevada prevailing wage statutes for state public works. The statutes require that employers contracting for construction on public works projects for any public body in the state agree to pay the prevailing wages in the county in which the public work is located. The statute provides an exemption for apprentice programs approved by the Nevada State Apprenticeship Council, but does not allow such exemption for apprenticeship programs approved by the Bureau of Apprenticeship and Training of the United States Department of Labor.
 
 
 2
 The plaintiffs contend that the enforcement of the prevailing wage statutes, without allowing an exemption for the apprenticeship program of the plaintiff Associated Builders and Contractors, Inc., Sierra Nevada Chapter ("ABC"), which had the approval of the federal Bureau of Apprenticeship and Training ("BAT"), was preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1144(a), and was also a denial of equal protection under the United States Constitution. The district court granted a permanent injunction enjoining the Labor Commissioner from enforcing that provision of the prevailing wage statute so as to deny the exemption to the federally approved program. 731 F.Supp. 966. We affirm.
 
 I.
 
 3
 The Nevada Revised Statutes ("NRS") §§ 338.010-338.090 are "prevailing wage" statutes, patterned after the Davis-Bacon Act, 40 U.S.C. §§ 276a-276a-5, which applies to federal public works. The prevailing wage statutes provide that contractors on all public works projects for any public body in the state must agree to pay the prevailing wages in the county in which the public work is located. Failure to do so subjects the contractor to forfeitures and criminal penalties. See Nev.Rev.Stat. §§ 338.010-338.090 (1978).
 
 
 4
 NRS § 338.080 provides, "None of the provisions of NRS [ss] 338.010-338.090, inclusive, apply to ... [a]pprentices recorded under the provisions of chapter 610 of NRS." Chapter 610 of NRS provides for state approved apprenticeship programs. NRS § 610.144 of Chapter 610 sets forth statutory standards for eligibility for registration and approval by the State Apprenticeship Council. Among the duties of the State Apprenticeship Council are duties to establish standards for programs that are not lower than the statutory standards and to register and approve or reject proposed programs and standards for apprenticeship. NRS §§ 610.090 and 610.095.
 
 
 5
 The net effect of NRS § 338.080 and these provisions of Chapter 610 is that, unless an apprenticeship program meets the standards of NRS § 610.144 and those established by the State Apprenticeship Council and also obtains the approval of the State Apprenticeship Council, the contractor will have to pay the same prevailing wage to apprentices as to journeymen and, thus, will face a significant disincentive to use apprentices on public works jobs.
 
 II.
 
 6
 An unusual procedure was followed in this case, in that counsel stipulated that the court would render the final decision on the basis of the counsels' arguments to the court in lieu of a trial on the merits. On this basis, the district court rendered its findings of fact and conclusions of law and judgment.
 
 
 7
 The pertinent facts are as follows. Plaintiff ABC is a non-profit trade association representing contractors who bid and enter into contracts to construct private and public works projects in the State of Nevada. Plaintiff Electrical Joint Apprenticeship Committee ("JAC") is an electrical joint apprenticeship training program approved by the federal BAT.[1] The JAC is sponsored by ABC and is not the product of a collective agreement with any labor organization. The Sierra Nevada Chapter ABC Apprenticeship Trust Fund is an employee benefit trust existing and regulated pursuant to the provisions of ERISA, which was created for the purpose of funding the JAC apprenticeship training programs. Defendant Frank MacDonald is the Labor Commissioner of the State of Nevada and is empowered and required to enforce the provisions of NRS §§ 338.010-338.090.
 
 
 8
 On November 8, 1984, ABC presented its proposed JAC nonunion electrician apprenticeship standards to the State Apprenticeship Council. The State Apprenticeship Council rejected the proposed apprenticeship standards and refused to approve plaintiffs' application for the apprenticeship program despite the fact that the program already had been approved by the federal BAT. The district court found that no nonunion construction trade apprenticeship program has ever been approved by the Nevada State Apprenticeship Council, although many have applied.
 
 
 9
 It is conceded that in the enforcement of the prevailing wage statutes defendant MacDonald intends not to apply the apprenticeship exemption prescribed by NRS § 338.080 to the Joint Apprenticeship Committee.
 
 III.
 
 10
 We first consider the issue of preemption by ERISA as held by the district court. ERISA is a "comprehensive remedial statute 'designed to protect the interest of employees in pension and welfare plans, and to protect employers from conflicting and inconsistent state and local regulation of such plans.' " Local Union 598, Plumbers & Pipefitters Industry Journeymen & Apprentices Training Fund v. J.A. Jones Const. Co., 846 F.2d 1213, 1217 (9th Cir.1988) (Jones ) (quoting Scott v. Gulf Oil Corp., 754 F.2d 1499, 1501 (9th Cir.1985)), aff'd, 488 U.S. 881, 109 S.Ct. 210, 102 L.Ed.2d 202 (1988). ERISA governs "employee benefit plans," 29 U.S.C. § 1001, et seq., which term is statutorily defined to include an "employee welfare benefit plan." 29 U.S.C. § 1002(3). An "employee welfare benefit plan" in turn is defined by ERISA as follows:
 
 
 11
 any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services....
 
 
 12
 29 U.S.C. § 1002(1) (emphasis added). The ERISA statute also contains a very broad preemption clause, section 514(a), 29 U.S.C. § 1144(a), which was discussed in detail in our recent case Hydrostorage, Inc. v. Northern California Boilermakers Local Joint Apprenticeship Comm., 891 F.2d 719 (9th Cir.1989), cert. denied, --- U.S. ----, 111 S.Ct. 72, 112 L.Ed.2d 46 (1990), where we stated:Section 514(a) of ERISA, as codified at 29 U.S.C. § 1144(a), provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title...." 29 U.S.C. § 1144(a) (emphasis added). "State laws" are defined as "all laws, decisions, rules, regulations, or other State action having the effect of law, of any State." 29 U.S.C. § 1144(c)(1). A "state" is defined as "a State, any political subdivisions thereof, or any agency or instrumentality of either, which purports to regulate, directly or indirectly, the terms and conditions of employee benefit plans covered by this subchapter." 29 U.S.C. § 1144(c)(2).
 
 
 13
 Hydrostorage, 891 F.2d at 726.
 
 
 14
 Although ERISA preempts state laws relating to employee benefit plans, ERISA has a "savings clause" which serves to exempt federal laws from ERISA preemption. 29 U.S.C. § 1144(d). Section 514(d) of ERISA, codified at 29 U.S.C. § 1144(d), provides that "[n]othing in this subchapter shall be construed to alter, amend, modify, invalidate, impair, or supersede any law of the United States ... or any rule or regulation issued under any such law."
 
 
 15
 ERISA therefore did not preempt the provisions of the preexisting National Apprenticeship Act, commonly known as the Fitzgerald Act, 29 U.S.C. § 50, or the regulations issued thereunder. The Fitzgerald Act provides:
 
 
 16
 The Secretary of Labor is authorized and directed to formulate and promote the furtherance of labor standards necessary to safeguard the welfare of apprentices, to extend the application of such standards by encouraging the inclusion thereof in contracts of apprenticeship, to bring together employers and labor for the formulation of programs of apprenticeship, to cooperate with State agencies engaged in the formulation and promotion of standards of apprenticeship....
 
 
 17
 29 U.S.C. § 50. The regulations issued in conformance with the Fitzgerald Act are set forth at 29 C.F.R. § 29.1-29.13 (1990). These regulations provide for "a detailed regulatory scheme defining apprenticeship programs and their requirements, and establish a review, approval, and registration process for proposed apprenticeship programs administered by State Apprenticeship Councils under the aegis of the United States Department of Labor...." Siuslaw Concrete Construction Co. v. Washington, Dept. of Transportation, 784 F.2d 952, 956 (9th Cir.1986). The regulations establish the Bureau of Apprenticeship and Training, Employment and Training Administration (heretofore referred to as "the BAT"), for the purpose of administering the registration and approval of apprenticeship programs and other provisions of the regulations. 29 C.F.R. § 29.1. The BAT is authorized to certify apprenticeship standards and to register and approve local apprenticeship programs and apprenticeship agreements for federal purposes. The regulations also authorize the BAT to approve appropriate state bodies for registration and/or approval of local apprenticeship programs and agreements for federal purposes. 29 C.F.R. § 29.2(o).
 
 
 18
 29 C.F.R. § 29.3 provides for a dual system of approval and recognition so that either the BAT or the State Apprenticeship Council can approve an apprenticeship program for federal purposes. However, either agency is constrained in its approval to apply the requirements and standards of the federal regulations.[2] In Nevada, the State Apprenticeship Council is a state agency authorized to approve apprenticeship programs for federal purposes under the provisions of these Fitzgerald Act regulations.
 
 IV.
 
 19
 The basic idea of an apprenticeship program is to allow on-the-job training for apprentices who work under the supervision of journeymen and thus to encourage and assist persons to enter into the skilled work force throughout the nation. In order for such an apprenticeship program to work, it is essential that the employer be able to pay lesser wages to apprentices while they are in training. Prevailing wage statutes for public works thus present a significant obstacle, unless apprenticeship programs are exempted. As noted by the above quoted regulations, an apprenticeship program can be approved for federal purposes either by the BAT or by a State Apprenticeship Council. Federal purposes include federal public works and public works deriving federal financial assistance. It is important to note that the State agency must apply the same standards as the BAT in approval of these apprenticeship programs.
 
 
 20
 There is no exemption from the broad preemption provision of section 514(a) of ERISA except for the federal Fitzgerald Act and the regulations issued thereunder. 29 U.S.C. § 1144. Thus, any state regulation of apprenticeship programs that is separate and apart from the authorization given by the Fitzgerald Act and its accompanying regulations is preempted by section 514(a) of ERISA. Id.
 
 
 21
 It is clear that the JAC apprenticeship program, sponsored by ABC and approved by BAT, is an apprenticeship program as defined by ERISA, and thus cannot be regulated by the State apart from its approval functions under the Fitzgerald Act regulations. As we have noted, in order for any apprenticeship program to work effectively, the employer must be able to pay a lesser wage to the apprentices while they are learning their skilled trade. The denial of the exemption to the BAT-approved JAC apprenticeship program, because it was not also approved by the Nevada State Apprenticeship Council, in effect forces ABC's JAC apprenticeship program to comply with the standards of the State Committee, independent and apart from the regulation authorized and provided for by the Fitzgerald Act and its accompanying regulations. The approval of the JAC apprenticeship program by BAT in effect establishes that that program meets the requirements of the Fitzgerald Act, the only apprenticeship regulations that are permissible as not being preempted by section 514(a) of ERISA. Any state regulation inconsistent with that determination is preempted by section 514(a) of ERISA. Thus, the decision of the district court in enjoining the Nevada Labor Commissioner from enforcing NRS § 338.080, so as not to exempt the JAC apprenticeship program from the provisions of the Nevada prevailing wage statutes, is warranted because an order denying the exemption amounts to indirect State regulation of the apprenticeship program.[3]
 
 
 22
 We thus have a state law within the meaning of ERISA, § 1144(c)(1), that requires the proposers of an apprenticeship program to comply with state standards apart from those set forth in the non-preempted Fitzgerald regulations. To be preempted under ERISA, a state law must both "relate to" and "purport to regulate" directly or indirectly an employee welfare benefit plan. Hydrostorage, 891 F.2d at 729; Jones, 846 F.2d at 1218. "A law 'purports to regulate' a plan if it attempts 'to reach in one way or another the terms and conditions of employee benefit plans.' " Jones, 846 F.2d at 1218 (quoting Lane v. Goren, 743 F.2d 1337, 1339 (9th Cir.1984)). The intended action of the Nevada Labor Commissioner to deny the exemption of the JAC apprenticeship program because it had not obtained the approval of the State agency is an interpretation of a law that compels preemption. Just as our opinion in Hydrostorage did not declare the entire California statutory provision preempted but, instead, the administrative application of that provision preempted, so we do not conclude NRS § 338.080 preempted, but rather the Labor Commissioner's intended interpretation and application of it.
 
 
 23
 A situation analogous to that in Nevada was encountered in the state of Minnesota. There, the state agency had required an apprenticeship program to comply with a prescribed ratio of apprentices to journeymen pipefitters. The court stated that the minimum jobsite rule affected employee benefit plans and therefore held the state requirement to be preempted. See Boise Cascade Corp. v. Peterson, 939 F.2d 632 (8th Cir.1991).
 
 
 24
 Because we affirm the district court on the ground that the intended action of the Nevada Labor Commissioner under NRS § 338.080 is preempted by ERISA, we need not consider the alternate ground that this action violates the Equal Protection Clause of the United States Constitution. We therefore vacate that alternate portion of the judgment of the district court. We affirm the judgment of the district court, which states as follows:
 
 
 25
 IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that
 
 
 26
 (1) defendant Frank MacDonald, in his official capacity as Labor Commissioner of the State of Nevada, and his successors, assigns, agents, employees and all officers of the Labor Commissioner of the State of Nevada, are hereby enjoined and restrained from enforcing the provisions of the Labor and Industrial Relations Code § 338.080 of the Nevada Revised Statutes (NRS) against plaintiffs Associated Builders and Contractors, Inc., Sierra Nevada Chapter; Electrical Joint Apprenticeship Committee; Sierra Nevada Chapter ABC Apprenticeship Trust Fund, and all employers who are utilizing the apprentice program of the Electrical Joint Apprenticeship Committee, with regard to wages paid to any employee enrolled or indentured as an apprentice in the program.
 
 
 27
 Paragraph 2 of that Order which relates to the Equal Protection Clause is vacated for the reasons above stated. The effect of the injunction is to require the Nevada Labor Commissioner to exempt apprenticeship programs approved by either the BAT or the State Apprenticeship Council as complying with the standards of the Fitzgerald Act and the regulations issued thereunder.
 
 
 28
 The only State regulation of apprenticeship programs permitted by ERISA is in the application of the standards of the regulations issued under the Fitzgerald Act. Those regulations permit alternate avenues for the approval of apprenticeship programs. BAT approval is equivalent to state approval of the apprenticeship program as meeting those standards. Thus, if the exemption of NRS § 338.080 is to apply at all, it must apply to programs that are approved by either BAT or the State Apprenticeship Council.
 
 
 29
 We are confident that it would be contrary to Nevada legislative intent to construe NRS § 338.080 so as to preclude exemption of all apprenticeship programs approved by the State Apprenticeship Council. It is more consistent with legislative intent to construe N.R.S. § 338.080 so as to permit exemption of apprenticeship programs that are approved under the Fitzgerald Act Standards and not preempted by ERISA. This necessitates granting the exemption to an apprenticeship program that is certified as meeting those standards by either the BAT or the State Apprenticeship Council.
 
 
 30
 AFFIRMED.
 
 
 
 *
 Honorable C. Clyde Atkins, Senior United States District Judge for the Southern District of Florida, sitting by designation
 
 
 [1]
 The amicus curiae brief filed by the Central Valley Electrical Joint Apprenticeship and Training Committee and the Electrical Joint Apprenticeship Committee of San Joaquin and Calaveras Counties maintain that the Joint Apprenticeship Committee was a "training program," not an "apprenticeship program" approved by BAT. However, the district court made a finding of fact that JAC was approved by BAT as an apprenticeship program. This finding is not clearly erroneous and is not contested by defendant MacDonald on appeal
 
 
 [2]
 29 C.F.R. § 29.3 provides:
 (a) Eligibility for various Federal purposes is conditioned upon a program's conformity with apprenticeship program standards published by the Secretary of Labor in this part. For a program to be determined by the Secretary of Labor as being in conformity with these published standards the program must be registered with the Bureau or registered with and/or approved by a State Apprenticeship Agency or Council recognized by the Bureau. Such determination by the Secretary is made only by such registration.
 (b) No apprenticeship program or agreement shall be eligible for Bureau registration unless (1) it is in conformity with the requirements of this part and the training is in an apprenticeable occupation having the characteristics set forth in § 29.4 herein, and (2) it is in conformity with the requirements of the Department's regulation on "Equal Employment Opportunity in Apprenticeship and Training" set forth in 29 C.F.R. Part 30, as amended.
 
 
 [3]
 The contention that the Fitzgerald Act itself preempts state regulation has been foreclosed by our decision in Siuslaw Concrete Const. v. Washington Dept. of Transp., 784 F.2d 952, 956-58 (9th Cir.1986). The preemption is by operation of ERISA, which permits an exemption for programs regulated under the Fitzgerald Act but does not permit independent state regulation