47 F.3d 975
 63 USLW 2524, 129 Lab.Cas. P 57,837,
19 Employee Benefits Cas. 1111,
2 Wage & Hour Cas.2d (BNA) 1003,
Pens. Plan Guide P 23906K
 MINNESOTA CHAPTER OF ASSOCIATED BUILDERS AND CONTRACTORS,
INC., a Minnesota corporation; Winkelman Building
Corporation, a Minnesota corporation; Javens Mechanical
Contracting Co., a Minnesota corporation; Willmar Electric
Service, Inc., a Minnesota corporation; Duininck Bros.,
Inc., a Minnesota corporation, Plaintiffs-Appellants,
v.
MINNESOTA DEPARTMENT OF LABOR AND INDUSTRY; John Lennes,
Commissioner of the Minnesota Department of Labor and
Industry; Minnesota Department of Transportation; James
Denn, Commissioner of the Minnesota Department of
Transportation, Defendants-Appellees,
Building and Construction Trades Department, AFL-CIO, Amicus Curiae.
 No. 93-4032.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 13, 1994.
Decided Feb. 16, 1995.
Rehearing and Suggestion for Rehearing En Banc Denied April
3, 1995.*
 
 Douglas P. Seaton, Minneapolis, MN, argued, for appellant.
 Nancy J. Leppink, Asst. Atty. Gen., St. Paul, MN, argued, for appellee.
 Before WOLLMAN, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and HANSEN, Circuit Judge.
 JOHN R. GIBSON, Senior Circuit Judge.
 
 
 1
 The Minnesota Chapter of Associated Builders and Contractors and four of its members[1] appeal from the district court's[2] ruling that the Employee Retirement Income Security Act of 1974, 29 U.S.C. Secs. 1001-1461 (1988 & Supp. V 1993), did not preempt the Minnesota Prevailing Wage Law.[3] Minn.Stat. Secs. 177.41-44 (1992); Minn.R. 5200.1000-1120 (1993 & Supp. I 1994). On appeal, Minnesota Chapter argues that ERISA preempts the Minnesota Prevailing Wage Law because: (1) provisions of the Prevailing Wage Law specifically refer to ERISA employee welfare benefit plans in defining the prevailing wage rate and "relate to" ERISA plans; and (2) the apprenticeship exemption to the Prevailing Wage Law is not saved from preemption by 29 U.S.C. Sec. 1144(d). We affirm the judgment of the district court.
 
 
 2
 Minnesota Chapter is a trade association representing approximately two hundred construction contractors that frequently bid and perform state-funded construction and maintenance. Generally, the Minnesota Prevailing Wage Law requires contractors to pay workers on state projects at least "the prevailing wage rate in the same or most similar trade or occupation in the area." Minn.Stat. Secs. 177.43, subd. 1(2) and 177.44, subd. 1; but see Minn.Stat. Sec. 177.43, subds. 2 and 7, Minn.Stat. Sec. 177.44, subd. 2. "Area" is defined as "the county or other locality from which labor for any project is normally secured." Minn.Stat. Sec. 177.42, subd. 3. The statute defines the prevailing wage rate as:
 
 
 3
 [T]he hourly basic rate of pay plus the contribution for health and welfare benefits, vacation benefits, pension benefits, and any other economic benefit paid to the largest number of workers engaged in the same class of labor within the area and includes, for the purposes of section 177.44, rental rates for truck hire paid to those who own and operate the truck. The prevailing wage rate may not be less than a reasonable and living wage.
 
 
 4
 Minn.Stat. Sec. 177.42, subd. 6. An employer can divide the amount between wages and benefits as it chooses, so long as the combined total meets or exceeds the prevailing wage rate.
 
 
 5
 Employers are not required to pay the prevailing wage rate to apprentices who are "employed and registered in a bona fide apprenticeship program registered with the U.S. Department of Labor or with a state apprenticeship agency." Minn.R. 5200.1070, subp. 2. The Minnesota Department of Labor and Industry (DOLI) is a federally-approved State Apprenticeship Council under 29 C.F.R. Sec. 29.12 (1994) with authority to register and approve all local apprenticeship training programs.
 
 
 6
 In this litigation, Minnesota Chapter moved for summary judgment on the grounds that ERISA preempted the Minnesota Prevailing Wage Law. The district court denied the motion. Then the agencies moved for summary dismissal of Minnesota Chapter's ERISA preemption claim. The district court granted summary judgment for the agencies. On appeal, Minnesota Chapter essentially argues the same issues presented to the district court.
 
 
 7
 We review the district court's grant of summary judgment de novo, viewing all evidence in the light most favorable to the Minnesota Chapter. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986); Boise Cascade Corp. v. Peterson, 939 F.2d 632, 636 (8th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 3014, 120 L.Ed.2d 887 (1992). Because the underlying facts are undisputed, the issue before us is purely one of law: whether the Minnesota Prevailing Wage Law is preempted by ERISA? See Boise Cascade, 939 F.2d at 636.
 
 I.
 
 8
 ERISA preempts every state law which " 'relate[s] to' an employee benefit plan governed by ERISA." FMC Corp. v. Holliday, 498 U.S. 52, 58, 111 S.Ct. 403, 407, 112 L.Ed.2d 356 (1990) (quoting 29 U.S.C. Sec. 1144(a)). A state law "relates to" an employee benefit plan if it has "a connection with or reference to such a plan." Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-97, 103 S.Ct. 2890, 2899-2900, 77 L.Ed.2d 490 (1983).
 
 
 9
 In denying Minnesota Chapter's summary judgment motion, the district court stated that although ERISA preempts a state law which explicitly refers to a benefit plan regulated by ERISA, 29 U.S.C. Sec. 1144(a), this preemption applies only to references to benefit plans, and not references to benefits.[4] Minnesota Chapter of Associated Builders and Contractors, Inc. v. Minnesota Dep't of Labor and Indus., 866 F.Supp. 1244, 1246 (D.Minn.1993) (citing Fort Halifax Packing Co., Inc. v. Coyne, 482 U.S. 1, 8, 107 S.Ct. 2211, 2215, 96 L.Ed.2d 1 (1987)). The district court reasoned that the prevailing wage law undisputedly refers to benefits but not to any benefit plan and, therefore, is not expressly preempted. Id. The listing of an ERISA benefit as an example of benefits to be factored into the prevailing wage is in and of itself inconsequential. See Keystone Chapter, Associated Builders and Contractors, Inc. v. Foley, 37 F.3d 945, 957 n. 17 (3d Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 1393, 131 L.Ed.2d 244 (1995). We are persuaded that the district court was correct in so holding.
 
 II.
 
 10
 The district court also looked to the factors recognized in Arkansas Blue Cross & Blue Shield v. St. Mary's Hospital, Inc., 947 F.2d 1341, 1344 (8th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 2305, 119 L.Ed.2d 227 (1992), to determine whether the Prevailing Wage Law is preempted by implication because it "relates to" ERISA plans. Minnesota Chapter, 866 F.Supp. at 1246-48. These factors include whether the state law: (1) negates an ERISA plan provision; (2) affects relations between primary ERISA entities; (3) changes the structure of ERISA plans; (4) affects ERISA plan administration; (5) affects ERISA plans economically; (6) exercises traditional state power; and (7) may be preempted consistent with other ERISA provisions. Arkansas Blue Cross & Blue Shield, 947 F.2d at 1344-45 (citations omitted). These factors must be assessed in light of the "totality of the state statute's impact on the plan." Id. at 1345.
 
 
 11
 Minnesota Chapter does not argue that the Prevailing Wage Law negates an ERISA plan provision or is inconsistent with other ERISA provisions. Thus we confine our discussion to the other Arkansas Blue Cross factors.
 
 
 12
 The district court determined that the Prevailing Wage Law does not affect relations between ERISA entities or alter the structure of ERISA plans. Minnesota Chapter, 866 F.Supp. at 1247. We are convinced of the same. The Prevailing Wage Law does not require an employer to provide any level of benefits. It requires an employer to compensate employees at the prevailing wage rate. The employer can meet the prevailing wage rate by adjusting the amount of wages without affecting benefit levels. Any economic benefit provided by the employer is deducted from the prevailing wage rate. Further, any tax incentive to provide benefits rather than wages would exist regardless of the prevailing wage statute.
 
 
 13
 The district court held that the calculation of hourly benefits does not place an administrative burden on any ERISA plan. Id. at 1246-47. Calculating costs and keeping records may increase the cost of the benefit plans, but these costs need be calculated only if the employer seeks to include benefits as a portion of the prevailing wage. The other recordkeeping required by the statute, i.e. payroll data on public works projects, Minn.Stat. Secs. 177.43, subd. 6, 177.44, subd. 7, is general employment data which Minnesota would likely require even if it excluded benefits from the calculation altogether. Any wage regulation has the potential to increase costs to the employer. However, the incidental impact produced by Minnesota's Prevailing Wage Law is too "tenuous, remote [and] peripheral" to lead to preemption. Shaw, 463 U.S. at 100 n. 21, 103 S.Ct. at 2901 n. 21.
 
 
 14
 The regulation of labor on state-funded construction projects falls within the scope of the state's traditional police power which we must presume that Congress did not intend to preempt. See Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724, 740, 105 S.Ct. 2380, 2389, 85 L.Ed.2d 728 (1985); Firestone Tire & Rubber Co. v. Neusser, 810 F.2d 550, 555 (6th Cir.1987). Here, the purpose of ERISA is not hindered by the Minnesota prevailing wage statute. The goal of ERISA preemption is "to ensure benefit plans will be governed by only a single set of regulations," FMC Corp., 498 U.S. at 60, 111 S.Ct. at 408, not to ensure employers uniform wage regulations across state or even county lines. The wage regulations of the Minnesota Prevailing Wage Law are simply a byproduct of our two-tiered federal system, which is not preempted by ERISA. See Keystone Chapter, 37 F.3d at 960.
 
 
 15
 Other circuits have considered this issue and come to opposing conclusions. See Keystone Chapter, 37 F.3d at 963 (refusing to preempt Pennsylvania's prevailing wage statute); General Electric Co. v. New York State Dep't of Labor, 891 F.2d 25 (2d Cir.1989) (preempting New York's prevailing wage statute), cert. denied, 496 U.S. 912, 110 S.Ct. 2603, 110 L.Ed.2d 283 (1990). We are persuaded by the Keystone decision.
 
 
 16
 In General Electric, a divided panel of the Second Circuit held that ERISA preempted the portion of New York's prevailing wage statute dealing with "supplements." 891 F.2d at 29-30. The statute provided that prevailing wages and supplements must both be paid to workers on public works projects. Id. at 26-27. "Supplements" included all prevailing, non-wage remuneration such as health and disability insurance. Id. at 27. Although public works employers could either provide listed, prevailing benefits or pay cash, they were "not permitted to substitute one form of supplement for another." Id. at 27. This statutory scheme is unlike the Minnesota Prevailing Wage Law and necessarily entails heightened governmental control over benefits, as well as an increased administrative burden on employers. Under the Minnesota statute, economic benefits are interchangeable for other economic benefits or for wages, thus eliminating governmental control over benefits provided or compensated for in the form of supplements, as well as creating only a minimal administrative burden, as discussed above.[5]
 
 
 17
 The Pennsylvania prevailing wage statute at issue in Keystone is more analogous to Minnesota's than is the New York statute. However, the Pennsylvania statute is also more restrictive than Minnesota's. In Keystone, the Third Circuit upheld Pennsylvania's prevailing wage statute and its accompanying regulations while striking as preempted an administrative declaratory order which accorded special treatment to ERISA plans, treating them as per se bona fide, while other benefits had to be approved by the Prevailing Wage Division, which administered the statute. 37 F.3d at 949-50, 955. Although the Pennsylvania prevailing wage rate included both a wage and a benefit component, the declaratory order limited the maximum credit an employer could receive for benefits. Id. at 952. Further, the declaratory order provided that all ERISA benefits counted towards the minimum benefits level, but non-ERISA benefits only counted if they fell within limited, predetermined categories. Id. at 955. In Minnesota, although the prevailing wage rate also includes a benefit component, benefits and wages can be used interchangeably. The Third Circuit upheld a similar interpretation of the Pennsylvania statute, concluding that:
 
 
 18
 the Act and regulations merely require that the Secretary set a prevailing wage that consists of a cash component and may include a benefits component. Employers must pay the cash component of the wage in cash, but they may pay the benefits component either in benefits or cash. Any benefits they provide, regardless of type, would count toward the benefits component.
 
 
 19
 Id. at 956. The court concluded that ERISA does not require "a state to ignore the existence of ERISA benefits when considering overall remuneration to workers," and held that "a state can set a minimum cash wage, and allow an employer the option of paying part of that in benefits," without triggering ERISA preemption. Id. at 957, 961. We agree.
 
 III.
 
 20
 Minnesota Chapter also argues that apprenticeship programs are ERISA plans and that ERISA preempts the apprenticeship portion of the Prevailing Wage Law. The Minnesota Prevailing Wage Law specifically exempts any apprenticeship program that has received federal or state approval. Minn.R. 5200.1070. Although the state agencies and officers conceded that the apprenticeship program is an ERISA plan, the district court held that the apprenticeship exemption provisions of the prevailing wage statute are not preempted because preemption would impair the purposes of the Fitzgerald Act, 29 U.S.C. Sec. 50 (1988), in violation of ERISA's general savings clause. 29 U.S.C. Sec. 1144(d); Minnesota Chapter, 866 F.Supp. at 1247. The Fitzgerald Act gives the U.S. Secretary of Labor authority "to formulate and promote the furtherance of labor standards necessary to safeguard the welfare of apprentices," and directs the Secretary "to cooperate with State agencies engaged in the formulation and promotion of standards of apprenticeship." Id. The regulations establish the Bureau of Apprenticeship and Training to register and approve apprenticeship programs. 29 C.F.R. Sec. 29.1 (1994). The Bureau is authorized to approve state agencies or councils as "the appropriate body for State registration and/or approval of local apprenticeship programs and agreements for Federal purposes." 29 C.F.R. Sec. 29.2(o) (1994). The regulations thus empower both the Bureau and approved state agencies or councils to approve apprenticeship programs for federal purposes. 29 C.F.R. Sec. 29.3 (1994).
 
 
 21
 The ERISA savings clause provides that "[n]othing in this subchapter shall be construed to alter, amend, modify, invalidate, impair, or supersede any law of the United States." 29 U.S.C. Sec. 1144(d). The district court concluded that preemption of the apprenticeship portion of the Prevailing Wage Law would "impair the cooperative state jurisdiction over apprenticeship programs envisioned by the Fitzgerald Act." Minnesota Chapter, 866 F.Supp. at 1248. Thus, the district court held that the apprenticeship provisions are saved from preemption. Id.; 29 U.S.C. Sec. 1144(d).
 
 
 22
 The Ninth Circuit reached the same conclusion in Electrical Joint Apprenticeship Committee v. MacDonald, 949 F.2d 270 (9th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 2991, 120 L.Ed.2d 869 (1992); contra Nat'l Elevator Indus., Inc. v. Calhoon, 957 F.2d 1555 (10th Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 406, 121 L.Ed.2d 331 (1992). In MacDonald, the court applied ERISA's savings clause to avoid preemption of Nevada's apprenticeship exemption from the prevailing wage law while preempting an administrative application of that exemption which required an apprenticeship program to be approved by both the state and federal agency. Id. at 274. The court held that this administrative application required apprenticeship programs to "comply with the standards of the State Committee, independent and apart from the regulation authorized and provided for by the Fitzgerald Act and its accompanying regulations." Id. Such is not the case here. Because Minnesota's apprenticeship exemption allows approval by either the state or federal agency and because it is essential to any apprenticeship program that an employer be allowed to pay lesser wages to apprentices in training, Minnesota's exemption is saved under ERISA's savings clause. 29 U.S.C. Sec. 1144(d).
 
 
 23
 We affirm the judgment of the district court.
 
 
 
 *
 Beam, Circuit Judge, would grant the suggestion for rehearing en banc. Murphy, Circuit Judge, took no part in the consideration or decision of this case
 
 
 [1]
 The four members are Winkelman Building Corporation, Javens Mechanical Contracting Company, Willmar Electric Service, Inc., and Duininck Brothers, Inc. We will refer to the Minnesota Chapter of Associated Builders and Contractors and these members collectively as "Minnesota Chapter."
 
 
 [2]
 The Honorable Diana E. Murphy was Chief District Judge of the United States District Court for the District of Minnesota at the time this case was tried. On October 13, 1994, she became a Circuit Judge for the Eighth Circuit Court of Appeals
 
 
 [3]
 The builders and contractors also originally alleged that the National Labor Relations Act, 29 U.S.C. Secs. 151-169 (1988), preempted the Prevailing Wage Law and its accompanying rules, that the Prevailing Wage Law violated procedural due process by improperly delegating authority to the Minnesota Department of Transportation, and that the Prevailing Wage Law violated 42 U.S.C. Sec. 1983 (1988). The district court dismissed all of the builders' and contractors' claims, except for the ERISA claim, pursuant to stipulation by the parties
 
 
 [4]
 ERISA defines an "employee benefit plan" to include employee welfare benefit plans, employee pension benefit plans, or combinations of the two. 29 U.S.C. Sec. 1002(3). ERISA further defines the welfare and pension benefit plans in 29 U.S.C. Sec. 1002(1)-(2)(A)
 
 
 [5]
 The parties dispute whether all economic benefits are credited toward the Minnesota prevailing wage or only those benefits which prevail in the locality. As this is not an issue on appeal, we need not concern ourselves with it, other than to point to the persuasive language of Keystone Chapter, 37 F.3d at 961